# MEMORANDA

OF

# CASES NOT REPORTED IN FULL.

## WILLIAM H. ROBSON, RESPONDENT, v. THE NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY, APPELLANT.

*Code of Civil Procedure, § 999—upon what grounds a motion for a new trial on the minutes of the judge may be made.*

APPEAL from a judgment in favor of the plaintiff, entered upon a verdict rendered at the Cayuga Circuit, and also from an order denying a motion for a new trial, made upon the minutes of the justice before whom the action was tried.

The action was brought to recover damages for the wrongful ejection of the plaintiff from one of the defendant's trains.. The plaintiff purchased tickets for the passage of himself and wife on the defendant's cars from Newark to Port Byron, which the conductor saw and punched soon after the train left Newark. When the conductor called for the tickets as he was approaching the Port Byron station, the plaintiff, having forgotten where he had placed them, was, for the time, unable to find them. Whereupon the conductor ejected them from the car, without having first demanded payment of the fare.

The court, at General Term, said: "It is insisted by the appellant's counsel that the verdict is contrary to law, because the court charged the jury that the conductor took the risk of the correctness of his determination that plaintiff's failure to produce his tickets was willful. As no exception was taken to that part of the

[387]

charge, the point cannot be raised, unless it is brought up by the appeal from the order denying a new trial. A motion may be made on the minutes to set aside a verdict because it is ' contrary to law.' (Code of Civ. Pro., § 999.) That ground of the motion was superadded by the present code to those specified in the former code. (Code of Pro., § 264.) Under the old code, the court could not entertain a motion on the minutes to set aside a verdict on the ground that it was contrary to the instructions of the court. (*Tinson* v. *Welch*, 51 N. Y., 244.) And there was some doubt as to the power under the code, in a case where the jury had rendered a verdict against the clear and uncontradicted evidence in the case, and contrary to law. (*Algeo* v. *Duncan*, 39 N. Y., 313.) The provision of the new code, above adverted to, was probably intended to meet those cases, but it is very questionable whether it was intended to authorize a motion to set aside a verdict on the minutes, on the ground of an error in the charge, to which no exception was taken, and which, if the attention of the trial judge had been directed to it by an exception, might have been corrected at the trial. But passing that question, we think the charge referred to was unobjectionable. The decision of the conductor was not conclusive upon the rights of the plaintiff. Its only legitimate effect was to relieve the conductor from the imputation of malice or bad faith in ejecting the plaintiff, notwithstanding he knew that he had tickets for himself and wife. He, nevertheless, exceeded his authority in putting the plaintiff off without demanding fare, and giving him an opportunity to pay it."

*Edward Harris*, for the appellant.

*H. V. Howland*, for the respondent.

Opinion by SMITH, J.

TALCOTT, P. J., and HARDIN, J., concurred.

Judgment and order affirmed.